# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| ANTONINO BUSALACCHI, et al., | Case No. 12-CV-00298-H (KSC) |
|---|---|
| Plaintiffs, | **CLASS ACTION** |
| v. | **STIPULATED ORDER REGARDING PRODUCTION PROTOCOL FOR DISCOVERABLE DOCUMENTS AND ELECTRONICALLY STORED INFORMATION** |
| ARIZONA PUBLIC SERVICE COMPANY, et al., | |
| Defendants. | **Judge:** Hon. Karen S. Crawford |
| | **Complaint Filed:** February 3, 2012 |

The Parties agree to comply with the following Protocol for the production of Discoverable Documents and Electronically Stored Information. As used in this document, the term "Discoverable Documents and Electronically Stored Information" means discoverable documents and data consistent with Fed. R. Civ. P. 34(a) relevant to the claim(s) or defense(s) of any party subject to discovery pursuant to Fed. R. Civ. P. 26(b)(1), including Meta-Data and Native Production Documents as described herein.

1. <u>Electronic Discovery</u>. Discovery of electronically stored information shall proceed in the following sequenced fashion:

    a. After receiving requests for document production, the Producing Party shall conduct a reasonable and good faith search for responsive documents and electronically stored information; and

1

    b.  The Producing Party retains the right to argue that certain sources of electronically stored information are not reasonably accessible because of undue burden or cost.

  2.  <u>General Format of Production</u>.  Subject to the provisions of paragraph 4, electronic documents that are produced in these proceedings shall be produced in electronic image form (described below) in the manner provided herein.

  3.  <u>Production Format</u>.  All electronic documents produced in electronic image form shall be produced in such fashion as to identify the location, *i.e*., the network file folder, hard drive, back-up tape, or other location, where the documents were stored, and where applicable, the natural person in whose possession they were found and the business address of each document's custodian. Electronic documents produced in electronic image form shall be produced according to the following formats:

    a.  <u>Document Images</u>.  A "Document Image" is defined as an electronic or digital picture of a document.  If a producing party elects to produce a Document Image from a hard copy document, the hard copy document shall be scanned as a black and white image at 300 d.p.i. or greater resolution, and shall be saved and produced in a Group 4 compression single-page Tagged Image File Format ("TIFFs" or ".tiff format") and reflect the full and complete image of the original document.  Document Images generated from electronic documents shall be saved electronically (or "printed") in a Group 4 compression single-page "TIFF" image that reflects the full and complete information contained on the original document, with a .txt or functionally equivalent extracted text file and, if applicable, with meta-data as set forth in paragraph 11.  The parties recognize that if information contained on an electronic document needs to be redacted, the electronic document may be converted into a TIFF without any .txt or functionally extracted text file.  For Document Images produced, the Producing Party shall produce a unitization file ("load file") compatible with the Summation or Concordance document

2

management system. Load files should include any additional information necessary to comply with Fed. R. Civ. P. 34(b)(2)(E), including, but not limited to, the beginning and ending Bates numbers of all documents, and the beginning and ending Bates numbers of all document attachments with parent child relationships (i.e., email with document attachments). The parties shall meet and confer to the extent reasonably necessary to facilitate the import and use of the produced materials with commercially available document management or litigation support software as listed above. Electronic documents that present imaging or formatting problems shall be identified within an index listing the document and reason for the exception, and the parties shall meet and confer to attempt to resolve the problems.

    b. <u>Native Format Documents</u>. "Native Format Documents" (or "Native Format") are defined as electronic documents that have an associated file structure defined by the creating application. Notwithstanding the foregoing provisions of this paragraph, the parties recognize that it may be appropriate for certain files to be produced in Native Format in the first instance (e.g., Excel, Lotus 123, or other spreadsheets; e-mails; or databases); the Producing Party shall have the option to produce those certain types of files in Native Format. The Requesting Party also has the right to request the production of electronically stored information in native file format where the converted image format distorts or causes the information to be inappropriately displayed.

  4. <u>Document Unitization</u>. If hard copy documents are scanned into Document Images as described in paragraph 3(a), the unitization of the document and any attachments shall be maintained as it existed in the original when creating the Document Image. For documents that contain fixed notes, the pages will be scanned both with and without the notes and those pages will be treated as part of the same document. The Producing Party will attempt, if feasible, to note or record the relationship of documents in a document collection (e.g., cover letter and enclosures, e-

3

STIPULATED ORDER RE PROD. PROTOCOL    CASE NO. 12-CV-00298-H (KSC)
& ELECTRONICALLY STORED INFORMATION

mail and attachments, binder containing multiple documents, or other documents where a parent-child relationship exists between the documents). Document Images generated from attachments to e-mails stored in Native Format shall be produced contemporaneously and sequentially immediately after the parent e-mail. All hard copy documents imaged and produced electronically shall include a unitization file ("load file") in accordance with paragraph 3(a).

5. <u>Color</u>. If an original document contains color, the Producing Party shall honor reasonable requests for either the production of an original document for inspection and copying or production of a color image of the document.

6. <u>Duplicates</u>. Where a party has more than one identical copy of an electronic document (*i.e.,* the documents are actual duplicates), the Producing Party need only produce a single copy of that document. Furthermore, the parties are not required to produce multiple instances of an electronic message sent to multiple recipients, provided that all of the recipients (including "blind carbon copy" recipients) can be identified from documents or electronically stored information produced pursuant to this Protocol. Where a subsequent electronic mail message contains all of the portions of an earlier message produced pursuant to this Protocol, it is not necessary for a producing party to produce the earlier message in addition to the subsequent inclusive message. If the subsequent inclusive message does not include an attachment to an earlier message, the attachment should, if feasible, be produced pursuant to this Protocol, in addition to the subsequent inclusive message.

7. <u>Bates Numbering</u>.

    a. <u>Document Images</u>. Each page of a produced document shall have a legible, unique page identifier ("Bates Number") electronically "burned" onto the image at a location that does not unreasonably obliterate, conceal, or interfere with any information from the source document. No other legend or stamp will be placed on the Document Image other than a confidentiality legend (where applicable), redactions, the Bates Number identified above, and any other internal tracking number that the Producing Party may choose to use. The confidentiality legend shall be "burned" onto each document's

4

image at a location that does not unreasonably obliterate or obscure any information from the source document. Native Format Documents will be produced separate and apart from the load file, if at all.

    b.    <u>Native Format Documents</u>.  In order to preserve the integrity of Native Format Documents, no Bates number, confidentiality legend or internal tracking number should be added to the content of the Native Document. The Producing Party will use a placeholder TIFF for Native Format Documents.

8.    <u>File Naming Conventions</u>.

    a.    <u>Document Images</u>.  Each Document Image may be named with the unique Bates Number of the page of document, followed by the extension ".tif", or may be produced with the original file name.

    b.    <u>Native Format Documents</u>.  Native Format Documents in Excel form may be produced with the Bates number.xls, or may produced with the original file name.

9.    <u>Production Media</u>.  A Producing Party shall produce documents that it produces in an electronic form on CD-ROM, DVD, external hard drive, or such other readily accessible computer or electronic media as the parties may hereafter agree upon (the "Production Media"). Information that shall be identified on the physical Production Media shall include: (1) a reference to the above-captioned litigation, (2) the Producing Party's name, and (3) the production date.  The Bates Number range(s) of the materials on the Production Media shall also be contained on the Production Media, and where not practicable to do so may be provided in an accompanying letter. If the Producing Party encrypts or "locks" the production, the Producing Party shall include with the production an explanation of how to decrypt the files.

10.    <u>Meta-Data</u>.  Producing Parties will produce meta-data information as described below with each production of Native Format Documents.  For images generated from Native

/ / /

/ / /

Format Documents, a Producing Party shall produce with each production the following fields, where available and known:

    a.     Custodian

    b.     E-mail subject line

    c.     Full path name

    d.     Author (person who created and/or saved the electronic document in the form produced for electronic documents)

    e.     The Parent Bates number will be provided for any attachment document

    f.     Total number of attachments

    g.     Document date (date sent for e-mails; latest chronologically date saved for electronic documents)

    h.     Date an electronic document was created

    i.     Date an electronic document was last modified

    j.     The name of the party who sent the e-mail (From)

    k.     Recipients of e-mails (all "to"s)

    l.     Copyees of e-mails (all "cc"s)

    m.     Blind copyees of e-mails (all "bcc"s)

    n.     Date an e-mail was sent

    o.     Date an e-mail was received

    p.     Starting Bates (beginning Bates number)

    q.     Ending Bates (ending Bates number)

    r.     MD5 Hash

11.     <u>Analytic Software.</u> To the extent that a party proposes to use analytical software that will automatically review and code documents for responsiveness to a document request, the Producing Party will provide the party propounding the discovery request with information concerning the analytical software and a description of the logical criteria and methodology used to calibrate or "train" the logical software. Unless the party propounding the discovery provides a written objection to the use of the analytical software, which includes an explanation of their

concerns within 15 calendar days, the propounding party will be deemed to consent to its use to satisfy the discovery request.

12. <u>Databases</u>.  To the extent a response to discovery requires production of discoverable electronic information contained in a database, in lieu of producing the database, the parties will work in good faith to address the best way to produce the discoverable electronic information contained in a database.

13. <u>Use of Documents</u>.  When electronic documents produced in accordance with this Order are used in any proceeding herein, including depositions, hearings, or trial, the electronic documents as described in paragraph 3 shall be the copy used.  Extracted text shall not be used in any proceeding as a substitute for the image of any document.  Notwithstanding this paragraph, a party may use the original or any hard copy document.

14. <u>Privilege Logs</u>.  When there is a chain of privileged e-mails, the Producing Party need only include one entry on the privilege log for the entire email chain, and need not log each e-mail contained in the chain separately.  The Producing Party will take reasonable efforts to produce a privilege log that contains documents authored by a particular individual 30 days prior to that individual's noticed deposition.  The parties may modify the deadlines for production of privilege logs by agreement.

15. <u>Discovery and Admissibility</u>.  Nothing in this Order shall be construed to affect the discoverability or admissibility of any document or data.  All objections to the discoverability or admissibility of any document or data are preserved and may be asserted at any time.

16. <u>Conversion to Electronic Format</u>.  Nothing in this Order shall be construed to compel a Party to convert a hard copy document into an electronic document where no such electronic document was in the producing Party's possession, custody or control at the time of the production.

IT IS SO ORDERED:

This the _____ day of _____, 2012.

HON. KAREN S. CRAWFORD
United States District Court Magistrate Judge

The parties hereby consent to the entry of this Order:

WHATLEY KALLAS, LLC

By:   S/Alan M. Mansfield
        ALAN M. MANSFIELD (Of Counsel)
        (SBN 125998)
        amansfield@whatleykallas.com
580 California Street, 16th Floor
San Francisco, CA 94104
Tel: (45) 860-2503
Fax: (888) 331-9633

10200 Willow Creek Road, Suite 160
San Diego, CA 92131
Tel: (619) 308-5034
Fax: (888) 341-5048

WHATLEY KALLAS, LLC
Joe Whatley, Jr.
(Admitted *pro hac vice*)
jwhatley@wdklaw.com
380 Madison Avenue, 23rd Floor
New York, NY 10017
Tel: (212) 447-7070
Fax: (212) 447-7077

WHATLEY KALLAS, LLC
Patrick J. Sheehan
(Admitted *Pro Hac Vice*)
psheehan@whatleykallas.com
60 State Street, Seventh Floor
Boston, MA 02109
Tel: (617) 573-5118
Fax: (617) 573-5090

Attorneys for Plaintiffs

PEREZ & WILSON, LLP

By:   S/Michael J. Pérez
        MICHAEL J. PEREZ
        perez@perezwilson.com
750 B Street, 33rd Floor
San Diego, CA 92101
Tel: (619) 741-0282
Fax: (619) 460-0437

Attorneys for Defendant SDG&E

STIPULATED ORDER RE PROD. PROTOCOL          CASE NO. 12-CV-00298-H (KSC)
& ELECTRONICALLY STORED INFORMATION